UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-10459-RWZ

UNITED STATES OF AMERICA

v.

MICHAEL MARRERO

### ORDER ON DEFENDANT'S MOTION FOR RELEASE

May 4, 2020

Boal, M.J.

  Defendant Michael Marrero is charged in an indictment with conspiracy to conduct enterprise affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). An initial appearance was held before Judge Bowler on December 5, 2019, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(E) (defendant has been charged with a felony that is not otherwise a crime of violence that involves the possession or use of a firearm); 3142(f)(2)(A) (risk of flight); and 3142(f)(2)(B) (risk of obstruction of justice). At that time, the defendant consented to voluntary detention without prejudice.

  On April 15, 2020, Marrero filed a motion for release from custody due to the risk of complications from a potential COVID-19 infection. Docket No. 730. As a result, this Court held a detention hearing via videoconference on April 30, 2020. By agreement, the parties proceeded by proffer and the government introduced six exhibits into evidence. After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services Report recommending detention, I order the defendant detained pending trial.

I.     ANALYSIS

     A.     The Bail Reform Act

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight.  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991).  If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard."  Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release.  18 U.S.C. § 3142(g).  Each of these factors must be weighed, and the decision on whether to release is an individualized one.  Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).

     B.     Nature Of The Offense

The government alleges that the defendant, along with sixty-one co-defendants, conspired to commit racketeering in furtherance of a violent criminal organization known as the Almighty Latin King and Queen Nation, or the Latin Kings.  The government specifically alleges that

Marrero is the "Enforcer for the State of Massachusetts for the Latin Kings." Docket No. 12-1 at ¶ 34. The Enforcer is responsible for maintaining obedience within the membership, "executing punishments, coordinating violence against rivals, and maintaining the gang's arsenal." Id. at ¶ 17.

### C. Defendant's History And Characteristics

Marrero, age 39, was born in Puerto Rico. He is currently unemployed as he has been in custody since December 2019. He reported prior employment at a wholesale warehouse and in retail.

Marrero has asthma, Crohn's Disease, and degenerative disc disease. He argues that these conditions put him at increased risk of complications were he to contract COVID-19 while incarcerated. He told the probation officer that he was prescribed medication for these conditions while he was in the community, but does not currently take any medication.

### D. Risk Of Flight

Marrero has lived in Massachusetts for approximately 32 years. At the time of his arrest, he had been living with his girlfriend, his girlfriend's daughter, and his girlfriend's mother in Springfield, Massachusetts. His parents and sister live in Massachusetts.

Marrero has no passport and has not traveled outside of the United States.

### E. Dangerousness

The government alleges that Marrero has been identified as being associated with the Massachusetts State Leadership of the Latin Kings. Specifically, the government alleges that Marrero was involved in a conspiracy to murder two individuals, identified as Victims 21 and 22. See Docket No. 12-1 at ¶¶ 144-158. He is also alleged to have been involved in discussions regarding a "kill order" for a member of the Latin Kings. See id. at ¶¶ 161-172. While Marrero

appears to have stated that the kill order was improper, see id. at ¶ 166, the government argues that this discussion shows Marrero's leadership role within the Latin Kings and his role in deciding whether the Latin Kings would issue kill orders. In addition, the government alleges that Marrero was involved in the purchase and distribution of crack cocaine.

Marrero's adult criminal record shows convictions for assault and battery, drug offenses, disorderly conduct, and leaving the scene of an accident resulting in personal injury. On April 27, 2007, Marrero was convicted of distribution of cocaine in the U.S. District Court for the District of Massachusetts in connection with a prior Latin Kings investigation and sentenced to 114 months in prison. His record shows defaults and violations of probation.

### F. Assessment Of All Factors

Marrero proposes to be released to live with his girlfriend, under 24-hour home confinement with electronic monitoring. However, for the reasons discussed below, I find that the government has met its burden to show that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The government has presented evidence that Marrero has a leadership role in a violent organization. Specifically, he was an "enforcer," responsible for deciding on punishments, including murder, for violating the group's rules. His criminal history includes a number of convictions for crimes of a violent or dangerous nature and a history of defaults and violations of probation. Notably, he has served 114 months in custody and four years of supervised release as a result of a prior Latin Kings investigation.

Citing the ongoing COVID-19 pandemic, Marrero argues that his asthma and Crohn's disease put him at high risk for complications and he should therefore be released. However, while this Court is mindful of the dangers posed by the COVID-19 public health crisis in

custodial settings, Marrero has not shown that it warrants his release at this time. The CDC has identified individuals with "moderate to severe asthma" as those who may be at higher risk of getting seriously ill from COVID-19. See https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed April 30, 2020). The medical records provided by Marrero do not indicate the severity of his asthma. He has also failed to present any evidence regarding whether his Crohn's disease puts him at higher risk. I appreciate that these are frightening times and that exceptional times demand exceptional measures in certain cases. I find, however, that Marrero's medical circumstances are not so exceptional as to tilt the balance of competing considerations in his favor. Even assuming that Marrero's conditions put him at higher risk, however, he poses a serious danger to the community, the proposed conditions do not alleviate that concern, and the risk of danger posed by his release outweighs any compassionate considerations. Accordingly, I order him detained pending trial.

**ORDER OF DETENTION**

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Michael Marrero be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Michael Marrero be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Michael Marrero is

detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge